UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ADAM E. BILLINGS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 20-3064-CV-S-MDH-P |
| ) | (Crim. Case No. 17-03020-01-CR-S-MDH) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER DENYING MOTION TO VACATE SENTENCE (28 U.S.C. § 2255) AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Movant pled guilty to possession with intent to distribute 50 grams or more of methamphetamine, and the Court sentenced him to 292 months' imprisonment. Crim. Doc. 39.[1] Movant appealed, and the Court of Appeals affirmed this Court's judgment, finding no error of judgment "in weighing relevant factors," and concluding that the sentence was reasonable. Crim. Doc. 51-1, p. 2. Movant now seeks to vacate his sentence pursuant to 28 U.S.C. § 2255. For the reasons explained below, the motion is **DENIED**.

Movant claims two grounds for relief. Within the first ground, Movant claims he was denied effective assistance plea counsel because his attorney failed to (a) "enforce plea negotiated terms in regards to Career Offender status," (b) "effectively argue prejudice in drug quantities and purities," and (c) "argue against inapplicable leadership role enhancement." Doc. 1, p. 4. Also

---

[1]"Crim. Doc." refers to filings in Movant's criminal case. "Doc." refers to filings in this § 2255 case.

within the first ground, Movant claims he was denied effective assistance of appellate counsel because his attorney "doomed the appeal" by filing an *Anders* brief. *Id*. As his second ground for relief, Movant claims the Government breached the plea agreement by dropping the § 851 enhancement, allowing the presentence investigation report to assess the career-offender enhancement, and by illegally searching his residence. *Id*. at 5.

In order to prevail on his ineffective-assistance claims, Movant must show that the performance of counsel was both constitutionally deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (*Strickland* standard applies to the performance of plea counsel); *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (*Strickland* standard applies to the performance of appellate counsel). In order to prevail on his Government-misconduct claims, Movant must show both "flagrant misconduct and substantial prejudice." *See United States v. Wadlington*, 233 F.3d 1067, 1073 (8th Cir. 2000). As for all claims, Movant bears the burden of proof. *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969).

Regarding aspects of both grounds for relief, Respondent argues:

> Billings seems to believe the statutory § 851 enhancement is synonymous to a career offender designation under the Sentencing Guidelines. An § 851 enhancement is not the same thing as a Sentencing Guidelines' career offender designation. An § 851 enhancement changes a defendant's statutory range of punishment. In Billings's case, had the Government pursued § 851 enhancements at sentencing, Billings would have faced a statutory mandatory-minimum sentence of 20 years' or life imprisonment, depending on whether the Government provided notice of one prior drug felony or two – a fact that Billings acknowledges.
>
> The career offender designation is accounted for within the Sentencing Guidelines. Unlike an § 851 enhancement, the Sentencing Guidelines do not fix the permissible range of sentences, but merely guide the exercise of a sentencing court's discretion in choosing an appropriate sentence within the statutory range. During Billings's change-of-plea

> hearing, he acknowledged that the Sentencing Guidelines were advisory and that he could be sentenced either above or below that range, up to life imprisonment, based on this Court's discretion. Billings also confirmed his ability to read and write, and [he] told this Court that he had read the plea agreement and had discussed the terms with counsel.
>
> Billings expressly agreed that he could not withdraw his guilty plea solely because he did not like the sentence length. Billings signed the plea agreement acknowledging that he entered into it freely and voluntarily. Billings confirmed under oath that he signed the agreement without threats or promises outside of the agreement.
>
> Because there was no agreement relating to the PSR's enhancements, Billings has failed to demonstrate ineffective assistance or prosecutorial misconduct in applying the career offender enhancement under the Sentencing Guidelines.

Doc. 5, pp. 7-9 (citations and footnote omitted).

Regarding Movant's assertion that plea counsel was ineffective for not attempting to expunge three California drug convictions, as Respondent correctly notes: "Billings provides nothing more than speculation that the priors could be expunged," and "[s]peculation is insufficient to show a reasonable probability that the result would have been different[.]" Doc. 5, p. 10 (citation and quotation marks omitted).

Regarding Movant's challenges concerning the quantity and purity of the drugs involved, as Respondent correctly notes, plea counsel argued to the Court that the "drug quantities and respective purity level were speculative[.]" Doc. 5, p. 12 (citations to the record omitted). Although unsuccessful, counsel made the argument. Further, Respondent's argument that no governmental misconduct was involved in determining drug quantity and purity, also is correct, based in part on Movant's post-*Miranda* interview and laboratory tests. *See id*. at 13.

Regarding Movant's complaint about the two-level leadership adjustment, Movant acknowledged in his § 2255 motion that he "paid [his] neighbor $100 to receive this package [containing methamphetamine] and deliver it," Doc. 1, p. 18, and, as Respondent correctly notes, "a defendant may be subject to the [leadership] enhancement even if he managed or supervised only one participant, limited to a single transaction." Doc. 5, p. 14 (citations omitted).

For the reasons explained above, Movant has failed to show that he was denied effective assistance of plea counsel or that he was subjected to governmental misconduct. Regarding the performance of appellate counsel, the Court discerns no constitutional violation because the Court of Appeals "independently reviewed the record," and found "no nonfrivolous issues for appeal." Crim. Doc. 51-1, p. 2. Finally, for the reasons set out by Respondent, the Court agrees that, by pleading guilty, Movant waived any Fourth Amendment issue regarding the search of his residence. *See* Doc. 5, pp. 17-18.

The Court finds that an evidentiary hearing is not required to resolve Movant's claims, and, for the reasons set out above, the Court denies Movant relief pursuant to 28 U.S.C. § 2255. Further, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (certificate of appealability may be issued "only if [Movant] has made a substantial showing of the denial of a constitutional right"). The Clerk of the Court shall enter judgment dismissing this case.

So **ORDERED**.

/s/ Douglas Harpool  
DOUGLAS HARPOOL  
UNITED STATES DISTRICT JUDGE

Dated: August 4, 2020